IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AMERICAN INVESTORS LIFE INSURANCE CO. ANNUITY MARKETING AND SALES PRACTICES LITIGATION | : MASTER FILE NO. 2:05-MDL-1712-MAM : : **CLASS ACTION** : : **ELECTRONICALLY FILED** |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : : : |

**MEMORANDUM OF PLAINTIFFS INFERRERA, DIGIOIA AND RYLES
IN OPPOSITION TO THE MOTIONS OF OTHER PLAINTIFFS
FOR APPOINTMENT OF INTERIM LEAD COUNSEL**

Plaintiffs Edward A. and Gloria A. Inferrera, Americus DiGioia and Jean A. Ryles (the "moving plaintiffs") respectfully submit this memorandum in further support of their motion for entry of a proposed pretrial order appointing interim co-lead class counsel and in opposition to the motions by plaintiffs in other actions for appointment of lead or co-lead counsel.[1]

At issue on this motion is the appointment of interim co-lead counsel for plaintiffs and a nationwide class, as well as appropriate statewide subclasses, to effectively and efficiently prosecute the consolidated actions against AmerUs Life Insurance Company, American Investors Life Insurance Company, Inc., AmerUs Annuity Group and AmerUs Group Co., and various other defendants. As discussed in the moving plaintiffs' opening brief, and as agreed by all movants, the appointment of interim co-lead class counsel is necessary and appropriate under Rule 23(g) of the Federal Rules of Civil Procedure.

---

[1] A chart identifying the actions before the Court pursuant to its Pre-Trial Order entered November 15, 2005, is attached as Exhibit A to the Declaration of William J. Ban ("Ban Decl.") submitted in support hereof.

### I. Moving Plaintiffs' Proposal for Appointment of Interim Co-Lead Class Counsel is in the Best Interests of the Class

As proposed by the moving plaintiffs, the appointment of the law firms of Barrack, Rodos & Bacine ("Barrack"), Berger & Montague ("Berger") and Lerach Coughlin Stoia Geller Rudman & Robbins ("Lerach") to serve as interim co-lead counsel presents the best alternative among the pending motions for appointment of co-lead counsel. Each of these three firms has the advantage of particular depth of experience. The Barrack group investigated and filed the first of all of the nationwide class cases and two of the nationwide class cases filed directly in this district, and has been involved in individual American Investors annuity sales practices cases as far back as 2001. The Lerach firm has profound depth of experience with virtually all of the significant insurance-related national class actions in the past twenty years. The Berger firm has been litigating individual and statewide (Pennsylvania) class cases in this Court.

Two of the firms proposed, the Barrack and the Lerach firms, are integrally involved in litigation across the country seeking redress for seniors who are victims of schemes to market and sell improper and illegal deferred annuity products offered by other insurance companies. These actions, including, for example, cases against National Western and American Equities pending in the Central District of California, are being coordinated and conducted by counsel in the Barrack group and the Lerach group, who are all thoroughly experienced in this type of litigation, each member of which is eminently qualified and capable to seek appointment as lead counsel in its own right. These firms, including, in addition to the Barrack firm, William Shernoff of Shernoff Bidart & Darras; Andrew Friedman of Bonnett, Fairbourn, Friedman & Balint; and Howard Finkelstein of Finkelstein & Krinsk, [2] in addition to the Lerach group,

---

[2] The qualifications and depth of experience of these counsel in insurance-related litigation was described briefly in moving plaintiffs' opening brief and is amply demonstrated in the resumes of these three firms that are attached as Exhibits B, C and D to the Ban Decl.

2

nonetheless, all join in supporting the leadership structure proposed by moving plaintiffs Inferrera, DiGioia and Ryles.[3]

As set forth in the moving plaintiffs' opening brief, the Barrack group previously reached out to the other firms proposed as interim co-lead counsel in a spirit of cooperation and in an effort to quickly and efficiently establish an appropriate leadership structure.  Indeed, the Lerach group has already demonstrated its desire to advance the best interests of the nationwide class and has filed its joinder in the motion of the Barrack group.  Of the three co-lead counsel proposed by the Barrack group and the Lerach group, only the Berger firm has refused and instead proposes two of its own lawyers, Jerome Marcus and Jonathan Auerbach, to act, personally, as interim co-lead counsel, along with John Hargrove, counsel for a purely statewide (Florida) putative class in the *Eddy* case.

Rule 23(g) of the Federal Rules of Civil Procedure requires that appointment of class counsel adhere to specific criteria:

> (B)  An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class.
>
> (C)  In appointing class counsel, the court
>
> (i)  must consider:
>
> • the work counsel has done in identifying or investigating potential claims in the action,
>
> • counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
>
> • counsel's knowledge of the applicable law, and
>
> • the resources counsel will commit to representing the class . . . .

---

[3]  See discussion, *infra*, in Point III.

Fed. R. Civ. P. 23(g)(B),(C). Moving plaintiffs believe that the proposed leadership comprised of the Barrack, Berger and Lerach firms as interim co-lead counsel not only satisfies the requirements of Rule 23(g), but is the only proposed leadership that will: adequately and fairly serve the interests of all of the litigants, including *both* the nationwide *and* various statewide classes; be able to effectively leverage the work to date of all litigating groups for the benefit of the class; utilize the specific and specialized experience of the plaintiffs' counsel already present in the litigation; and assure that adequate resources are committed to the class. The alternative proposals are far less than optimal in fairness to the parties because they fail to aggregate the most experienced counsel with the widest range of clients and interests to represent the nationwide class. See *Manual for Complex Litigation*, §20.221 at 27-28 (The most important factor in selecting a case management structure in complex litigation is achieving efficiency and economy without sacrificing fairness to the parties.)

> II. **The Berger and the Hagens Firms Ignore the History of the Development of this Litigation, Other Relevant Facts and Rely on Incorrect Assertions**

Firms in the Barrack group have pursued claims in litigation against defendant American Investors and its related entities since as early as October 15, 2001, with the filing of *Worden v. American Investors*, Riverside Sup. Ct., Case No. RIC 365526. Numerous depositions were taken in that case, including depositions of American Investors Life Insurance Company executives. Extensive written discovery was exchanged and numerous documents were produced. After the defense motion for summary judgment was denied and a trial date was set, the case settled in August 2003.

Counsel in the Barrack group also brought *Westcott v. American Investors*, L.A. Sup. Ct., Case No. BC 318323, filed July 12, 2004, which is currently set for trial June 19, 2006, after

4

numerous depositions, written discovery and the filing of plaintiffs' Fourth Amended Complaint on August 22, 2005. In addition to prosecuting litigation against American Investors, firms in the Barrack group have been in the vanguard of pursuing litigation similar to this litigation against insurance companies that employ methodologies similar to those alleged here against American Investors in the fraudulent marketing and sale of inappropriate deferred annuities to seniors.[4]

The proposals by the Berger firm and the Hagens, Berman firm ("Hagens") ignore this history as well as other relevant facts and rely on factual assertions that are flatly incorrect. First, contrary to any inference made in briefing by the Berger and Hagens firms, the *Inferrera* action, E.D.Pa. No.2:05-cv-06117-MAM, commenced by the Barrack group on April 11, 2005, in the Middle District of California, was the *first nationwide class action* filed against the American Investors defendants, based on the years-long involvement and coordinated investigation of counsel in the Barrack group of defendants' unlawful *nationwide* sales and marketing practices.

The *Stein* action commenced by the Berger firm in this district on May 19, 2005, and the *Studley* action filed by the Hagens firm in the District of Kansas on April 25, 2005, each of which alleges a nationwide class, were clearly filed as "me too" actions by counsel seeking to elbow their way into a position in the nationwide case investigated and developed by counsel in the Barrack group.

The Hagens firm, for example, has filed no other cases against defendants in this action. Although moving plaintiffs will not disparage the Hagens firm's fine reputation generally in the class action field, the firm has no particular depth of experience or involvement with insurance

---

[4] These cases include: *Sweeney v. National Western,* filed May 15, 2005, S.D. Cal., Case No. 05-cv-1018; *McCormack v. American Equity Life Insurance Co.*, filed September 13, 2005, C.D. Cal., case No. 05-cv-6735; *Negrete v. Allianz Life Insurance Company of North America*, filed September 13, 2005, C.D. Cal., Case No. 05-cv-6838;  and, *Negrete v. Fidelity and Guarantee Life*, filed September 13, 2005, C.D. Cal. Case No. 05-cv-6837.

litigation relevant to prosecuting this action and, accordingly, is an inappropriate choice to act as co-lead counsel.[5] Moreover, in its brief, the Hagens firm ignores the fact that the *Inferrera* case was the *first nationwide class action* filed against defendants herein and labels the Barrack group as merely representing a transferred case from the Central District of California. The *Hagens* brief also ignores the Barrack group's nationwide class cases -- *DiGioia* and *Ryles* -- commenced in this district on behalf of two Pennsylvania residents, as well as the Barrack group's coordination with Lerach group, which filed a nationwide class action originally in the Middle District of Florida, now transferred to this district, and which firm also is included in the proposed leadership structure representing a client victimized by defendants' scheme in a state where defendants have been particularly active.

The Berger firm proposes a structure that is unworkable. Seeking to leverage its pending but limited Pennsylvania statewide class and individual actions[6] to hijack the nationwide class, the Berger firm proposes *two of its own individual attorneys* to act personally as part of what it apparently hopes the Court will perceive as a three-way leadership structure.[7] The Berger-proposed slate pretends to be diversified in that it includes counsel from the *Eddy* action, filed in

---

[5] In the interest of efficiency and a spirit of cooperation, the Barrack group reached out to Timothy Scott, the Hagen's firm's counsel in this action, to assure Mr. Scott that he and his firm will be able to participate meaningfully in the consolidated litigation on behalf of their clients and the class regardless of the outcome of this motion. To date, the Hagens firm maintains its motion.

[6] The *Price* and *Miller* actions were filed in this district by the Berger firm and other counsel on July 15, and August 11, 2004, respectively, alleging a Pennsylvania statewide class. Those actions were filed, coordinated and prosecuted along with *several local non-class actions* before this court, including *Walker v. Bohmueller, et al*, 03 cv 3750 (now settled); *Miller v. Bohmueller, et al,* 03 cv 6496 (now settled); *Gilmore v. Bohmueller, et al*, 04 cv 2535; *Trimble v. Weinstein, et al*, 05 cv 2109; and other more recently filed individual non-class actions.

[7] The Berger firm's self-serving suggestion for appointment of *two* of its own attorneys as co-lead counsel and appointment of a specific liaison counsel is problematic, *inter alia*, because: (1) appointment of individual attorneys, rather than their firm, as a whole, does not ensure that adequate resources will be available to the class should these individual counsel leave their current firm; and (2) the motion for appointment of a separate Philadelphia-based firm as proposed "liaison" counsel inexplicably suggests that proposed co-lead counsel, itself located in center-city Philadelphia, would somehow require a "local" liaison counsel, similarly located, to interface with the Court.

the Middle District of Florida, which *alleges only a Florida statewide class*.[8] The interests of the Berger group are clear: it represents and has consistently sought to coordinate litigation for limited individual and specific limited statewide classes in Pennsylvania and Florida and filed its nationwide class action (*Stein*) only after the Barrack group filed the first such class case. The Berger firm and its co-counsel, with only one nationwide class case, do not represent the demonstrated breadth of the Barrack group in pursuing claims on behalf of nationwide class. The apparent interest of the Berger firm and its co-counsel, or their clients, appears to be in pursuing remedies available to strictly statewide classes or to individuals, as is readily apparent from even a cursory perusal of Exhibit A to the Ban Decl.[9]

The Berger firm's statement in its brief (Mem. at pp. 2 and 7) that "[a]llegations relating to those persons residing in California . . . have been resolved . . ." and that the *Inferrera* plaintiffs "no longer have standing" is just plain wrong. First, the Berger firm's brief totally ignores the *DiGioia* and *Ryles* cases commenced in this district by the same counsel who are counsel in *Inferrera*. More importantly, *Inferrera* seeks certification of a nationwide class and is not subject to a statewide settlement in California. Edward and Gloria Inferrera, in fact, chose to opt out of the settlement of the California state court action, *Cheves v. American Investors Life Insurance Company, Inc*. See Exhibit E to the Ban Decl. submitted in support hereof.

---

[8] The Hargrove firm's involvement in *Strube v. American Equity Investment Life Insurance Co.,* in the Middle District of Florida, touted in the Berger firm's brief as support for that firm's appointment as co-lead counsel, provides a less than compelling example of success in this type of litigation. Class was denied on motion. The class was ultimately certified but only as part of a "claims-made" settlement class that provided class members who opted in an option to eliminate the deferral period, a 2% bump up on annuity value and $1,700,000 in counsel fees paid to counsel representing the class. The settlement was valued at, potentially, somewhat more than $14.7 million compared with plaintiffs' expert's estimate of $733.9 million in recoverable damages, a 2% recovery. *See*, 226 F.R.D. 688, 695 (M.D.Fla. 2005).

[9] Moreover, the statewide class definition in the Berger firm's *Miller* case does not even purport to cover *all* Pennsylvania residents but only those who purchased deferred annuity products from American Investors, American Equity or National Western **and** defendants "Weinstein and the sales Group." *Miller*, First Amended Complaint, p. 33. Similarly, the Berger firm's *Price* case, in alleging a statewide Pennsylvania class, *excludes* Pennsylvania residents who did not purchase American Investor deferred annuity products through defendant "Bohmueller and the sales Group." *Price*, Complaint, p. 33.

7

To be sure, the Berger firm is experienced counsel whose involvement as co-lead counsel is welcomed. The Barrack group looks forward to an opportunity to work together with the Berger firm and the Lerach group for the benefit of the nationwide class and the several statewide subclasses that may be necessary to render full and complete relief utilizing all available remedies.

### III. Actions Against American Equities and National Western Are Properly Separate From This Litigation

As set forth in the moving plaintiffs' opening brief, attorneys William Shernoff of Shernoff Bidart & Darras, Andrew Friedman of Bonnet, Fairbourn, Friedman & Balint and Howard D. Finkelstein of Finkelstein & Krinsk are co-counsel with the Barrack firm in the *Inferrera, DiGioia* and *Ryles* actions. As a group, these firms, together with the Lerach group, are prosecuting other senior annuity class actions in other jurisdictions against several distinct defendant groups, two of which include American Equities and National Western.[10] Although *Miller v. AmerUs Group Co., et al,* Case No. 04-cv-3799, before the Court, names both American Equities and National Western as defendants, those defendants are not alleged in *Miller* to be related in any way to the American Investors/AmerUs defendants. They are indeed joined in the action simply because plaintiff Miller is alleged to have purchased deferred annuities from each of these defendants in separate, unrelated transactions.

On January 5, 2006, a Conditional Transfer Order was issued by the JPMDL for *McCormack*, Case No. 2:05-6735 (C.D. Cal.), and *Sweeney*, Case No. 3:05-1018 (S.D. Cal.), to transfer these *nationwide* class cases against National Western and American Equities to this Court to be consolidated or coordinated with *Miller*, which asserts claims against American Investors, National Western and America Equities *solely* on behalf of statewide (Pennsylvania)

---

[10] *See* footnote 4.

classes. The moving plaintiffs do not believe the *National Western* and *American Equities* cases should be consolidated with this *American Investors/AmerUs* case and have objected to the Conditional Transfer Order. If the *McCormack* and *Sweeney* cases are transferred to this Court, however, the moving plaintiffs believe that, because the facts of those cases are necessarily different from the facts of this case (and, indeed, different from each other), separate interim lead counsel should be appointed for those cases and different firms within the Barrack group would seek appointment as interim lead counsel for those cases.

The Berger firm's effort to secure appointment as a functional sole lead counsel in this action should be considered in light of the JPMDL's Conditional Transfer Order for *McCormack* and *Sweeney*, should those cases ultimately come before this Court. The Berger firm has no separate, independent case involving National Western or American Equities and no case seeking certification of a *nationwide* class with respect to those defendants.

The several firms comprising the Barrack group and the Lerach firm, each of which is sufficiently experienced and capable to merit appointment under Rule 23(g) as lead counsel for the nationwide class in this litigation, have already sought to establish a workable, fair and efficient management structure for prosecuting this *nationwide* class action against the American Investors/AmerUs defendants. This effort involved very capable and experienced counsel stepping back from seeking their own selection as lead or co-lead counsel in the interest of efficiency and organizational cohesiveness. To allow the Berger firm to functionally assume a position of sole leadership in this litigation going forward would ignore the consistently demonstrated primary interest of that firm and its various co-counsel in pursuing limited individual and statewide class actions and ignore the consistent coordinated effort to obtain

certification of a *nationwide* class by the firms in the Barrack group, the Lerach firm and their respective clients.

## IV.　CONCLUSION

For the reasons set forth herein and in their opening brief, the moving plaintiffs respectfully request that the Court appoint the Barrack, Berger and Lerach firms as interim co-lead counsel for the class to provide for the orderly and efficient conduct of these and any related actions.

Dated:  January 27, 2006　　　　　　　　　　　　**BARRACK, RODOS & BACINE**

　　　　　　　　　　　　　　　　　　　　　　　By:　  /s/ Daniel E. Bacine
　　　　　　　　　　　　　　　　　　　　　　　　　Leonard Barrack
　　　　　　　　　　　　　　　　　　　　　　　　　Daniel E. Bacine
　　　　　　　　　　　　　　　　　　　　　　　　　William J. Ban
　　　　　　　　　　　　　　　　　　　　　　　　　3300 Two Commerce Square
　　　　　　　　　　　　　　　　　　　　　　　　　2001 Market Street
　　　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19103
　　　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (215) 963-0600
　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (215) 963-0838

　　　　　　　　　　　　　　　　　　　　　　　Stephen R. Basser
　　　　　　　　　　　　　　　　　　　　　　　John L. Haeussler
　　　　　　　　　　　　　　　　　　　　　　　**BARRACK, RODOS & BACINE**
　　　　　　　　　　　　　　　　　　　　　　　402 West Broadway, Suite 850
　　　　　　　　　　　　　　　　　　　　　　　San Diego, CA  92101
　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (619) 230-0800
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (619) 230-1874

　　　　　　　　　　　　　　　　　　　　　　　*Proposed Interim Co-Lead Class Counsel*

　　　　　　　　　　　　　　　　　　　　　　　Howard D. Finkelstein
　　　　　　　　　　　　　　　　　　　　　　　Mark L. Knutson
　　　　　　　　　　　　　　　　　　　　　　　**FINKELSTEIN & KRINSK**
　　　　　　　　　　　　　　　　　　　　　　　501 West Broadway, Suite 1250
　　　　　　　　　　　　　　　　　　　　　　　San Diego, CA  92101
　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (619) 238-1333
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (619) 238-5425

Andrew S. Friedman
Elaine A. Ryan
Patricia N. Syverson
**BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT P.C.**
2901 North Central Avenue, Suite 1000
Phoenix, AZ  85012-3311
Telephone:  (602) 274-1100
Facsimile:  (602) 274-1199

William M. Shernoff
Evangeline F. Garris
**SHERNOFF BIDART DARRAS**
600 South Indian Hill Boulevard
Claremont, CA  91711
Telephone:  (909) 621-4935
Facsimile:  (909) 625-6915

Bernice J. Koplin
**SCHACHTEL, GERSTLEY, LEVINE
 & KOPLIN**
123 South Broad Street, Suite 2170
Philadelphia, PA  19109-1029
Telephone:  (215) 772-1700
Facsimile:  (215) 772-0312

Debra G. Speyer
**LAW OFFICES OF DEBRA G. SPEYER**
Two Bala Plaza, Suite 300
Bala Cynwyd, PA  19004
Telephone:  (610) 949-9555
Facsimile:  (610) 949-9554

*Attorneys for Plaintiffs Edward A. and Gloria A. Inferrera, Americus DiGioia, Jean A. Ryles and the National Class*