IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


IN RE: AMERICAN INVESTORS        :
LIFE INSURANCE CO. ANNUITY       :     MDL DOCKET NO. 1712
MARKETING AND SALES PRACTICES    :
LITIGATION                       :


ORDER


AND NOW, this 18th day of December, 2009, based on the submissions of the parties, including their oral presentations at the Fairness Hearing, and for the reasons stated in a memorandum of law bearing today's date, IT IS HEREBY ORDERED, as follows:

1.  Incorporation of Documents: This Order incorporates and makes a part hereof:

a.  The Parties' Stipulation of Settlement, filed July 16, 2009, including Exhibits A through J thereto (collectively, the "Settlement Stipulation"), which sets forth the terms and conditions of the proposed settlement (the "Settlement"); and

b.  The Court's findings and conclusions contained in its Findings and Order Preliminarily Approving Settlement and Directing Issuance of Notice to the Class, dated July 28, 2009 ("Preliminary Approval Order").

All defined terms in this Final Order and Judgment shall have the same meanings as in the Settlement Stipulation.

2.  Jurisdiction: The Court has personal jurisdiction over the Parties and the Class Members (as defined below at

paragraph 3) and has subject matter jurisdiction over this action, including, without limitation, jurisdiction to approve the Settlement, to settle and release all claims arising out of the transactions alleged in the Third Amended Complaint (the "Complaint") and set forth in the Released Transactions (as defined in the Settlement Stipulation), and to dismiss this action on the merits and with prejudice. All Class Members who have not excluded themselves from the Class have consented to the jurisdiction of this Court for purposes of this action and the settlement of this action.[1]

     3. <u>The Class: Persons and Entities Excluded</u>: The Class as defined in the Court's Preliminary Approval Order is hereby finally certified for settlement purposes. A list of those persons and entities who have requested exclusion from the Class in accordance with the terms of the Settlement Stipulation and the Preliminary Approval Order is on file with the Court as Exhibit F to the Lake Declaration and is incorporated herein and made a part hereof. These persons and entities are hereby

---

[1] The Exhibits to the Stipulation of Settlement are as follows: Exhibit A (List of plan codes and/or product names for Company Annuities included in Settlement); Exhibit B (Class Notice Package Cover Letter); Exhibit C (Form of Class Notice); Exhibit D (Election Form); Exhibit E (Post-Settlement Mailing Cover Letter); Exhibit F (Claim Form); Exhibit G (Proposed Findings and Order Preliminarily Approving Settlement and Directing Issuance of Notice to the Class); Exhibit H (Proposed Final Order and Judgment); and Exhibit J (Form of Escrow Agreement).

excluded from the Class. Also excluded is Sarah C. Caudill by Court Order.

4. <u>Adequacy of Representation</u>: Jerome M. Marcus, Esq., Jonathan Auerbach, Esq., and John Hargrove, Esq. (Co-Lead or Class Counsel) and other counsel of record herein for the Named Plaintiffs have fully and adequately represented the Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Fed. R. Civ. P. 23 and applicable law. Jerome M. Marcus, Esq., Jonathan Auerbach, Esq., and John Hargrove, Esq. shall continue as Co-Lead Counsel.

5. <u>Settlement Administrator</u>: The selection and retention of Rust Consulting, Inc. as Settlement Administrator was reasonable and appropriate.

6. <u>Class Notice</u>: Individual notice (the Class Notice Package) was sent to each reasonably identifiable Class Member via first-class mail to their last known address, and notice and other materials were made available on a publicly available Internet site, in accordance with the Preliminary Approval Order. The Court finds that this Notice:

a. Constituted the best practicable notice to Class Members under the circumstances of this action;

b. Was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this class action lawsuit; (ii) their right to exclude themselves

from the Class; (iii) their right to object to any aspect of the
proposed Settlement, the fairness, reasonableness or adequacy of
the proposed Settlement, the adequacy of the Class'
representation by Plaintiffs or Plaintiffs' Counsel, and/or the
award of attorneys' fees and expenses; (iv) their right to
request to appear at the Fairness Hearing, personally or through
counsel, if they did not exclude themselves from the Class; and
(v) the binding effect of the orders and judgment in this action,
whether favorable or unfavorable, on all persons who do not
request exclusion from the Class;

        c.    Was reasonable and constituted due, adequate
and sufficient notice to all persons entitled to be provided with
notice;

        d.    Complied with Fed. R. Civ. P. 23; and

        e.    Fully satisfied the requirements of the
United States Constitution (including the Due Process Clause) and
all other applicable law and procedural rules.

        7.    <u>Final Settlement Approval and Binding Effect</u>: The
terms and provisions of the Settlement have been entered into in
good faith, and are fair, reasonable and adequate as to, and in
the best interests of, the parties and the Class Members, and in
full compliance with all applicable requirements of the United
States Constitution (including the Due Process Clause) and all
other applicable law and procedural rules.  Therefore, the

Settlement is approved and the objections to the Settlement are expressly overruled. The Settlement, and this Final Order and Judgment, shall be forever binding on the Plaintiffs and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and shall have <u>res judicata</u> and other preclusive effect in all pending and future claims, lawsuits, arbitrations or other proceedings maintained by or on behalf of any such persons, to the fullest extent allowed by law.

8.  <u>Implementation of Settlement</u>: The Parties are directed to implement the Settlement according to its terms and conditions. Defendants will provide General Policy Relief and Claim Process Relief in accordance with the terms and conditions of the Settlement.

9.  <u>Communications With Class Members</u>: The Parties and Parties' Counsel are hereby authorized to communicate with Class Members and Owners, as contemplated by and in accordance with the terms of the Settlement Stipulation and the Preliminary Approval Order, without requiring further approval of the Court.

10.  <u>Appeal</u>: Any appeal from this Final Order and Judgment must be preceded by (i) a timely objection to the Settlement filed in accordance with the requirements of the Settlement Stipulation and Preliminary Approval Order or a request to intervene upon a representation of inadequacy of

counsel, (ii) a request for a stay of implementation of the Settlement, and (iii) posting of an appropriate bond. Absent satisfaction of all three of these requirements, Defendants are authorized, at their sole option and in their sole discretion, to proceed with implementation of the Settlement, even if such implementation would moot any appeal.

11. <u>Post-Settlement Mailing</u>: Pursuant to the Settlement Stipulation, the parties are directed to mail the Post-Settlement Mailing, including the Claim Form, substantially in the form attached as Exhibits E and F to the Settlement Stipulation, as provided for in the Settlement Stipulation.

12. <u>Release</u>: The following Release, which is transcribed from Section X of the Settlement Stipulation and amended by the Court with the parties' consent, is expressly incorporated herein in all respects, is effective as of the date of this Final Order and Judgment, and forever discharges the Releasees from any and all claims and liabilities within the scope of the Release:

<u>RELEASE AND WAIVER</u>

Plaintiffs agree to a full and complete general release and waiver as follows:

I. <u>Release And Waiver – Definitions</u>

For purposes of this release and waiver (the "Release"):

A.    The term "Releasees" means, individually and
collectively, the Defendants and Other Defendants and the
Defendants' and Other Defendants' respective past, present, and
future parent companies, subsidiaries, affiliates, predecessors,
successors and assigns, together with each of the Defendants' and
Other Defendants' respective past, present, and future officers,
directors, employees, representatives, attorneys, and agents
(including, without limitation, those acting on behalf of
Defendants and within the scope of their agency), all Agents,
including, without limitation, IMOs and other marketing
organizations involved in any way, directly or indirectly, in the
marketing, sale, and servicing of Company Annuities, and all of
such Releasee's heirs, administrators, executors, insurers,
predecessors, successors and assigns, or any of them, and
including any person or entity acting on behalf or at the
direction of any of them.

B.    The term "Released Transactions" means (a) the design,
development, marketing, offer, solicitation, application,
underwriting, acceptance, issuance, sale (including, without
limitation, in connection with the issuance of a Company Annuity
as a replacement for a non-Company annuity or another Company
Annuity), presentation, illustration, projection, purchase,
operation, performance, interest crediting, charges,
administration, servicing, retention, and/or replacement (by

means of surrender, partial surrender, loans respecting, withdrawal and/or termination of any annuity) of or in connection with (1) the Contracts or (2) any annuity sold or to be sold or offered in connection with, or relating in any way directly or indirectly to the sale or solicitation of, the Contracts, or external or internal replacements of annuities issued by the Companies, (b) the marketing, sale, delivery, and/or performance of any products, plans, or services in connection with, or relating to or allegedly relating to, the marketing, purchase, or sale of a Contract, and (c) any and all matters concerning or relating to this Settlement (including, without limitation, the award, election, and/or implementation of any Settlement Relief with respect to a Contract).

C.    The term "Other Defendants" means the following persons and entities that are named as defendants in the complaints filed in the putative class actions described in Section I.A.2 but are not named as defendants in the Complaint: Brian J. Newmark, Estate Planning Advisors Corp., BEN Consulting Corp., Funding & Financial Services Corp., Victoria Larson, Kenneth Krygowski, National Western Life Insurance Company, American Equity Investment Life Insurance Company, The Patriot Group, Addison Group, Stephen Strope, American Investors Sales Group, Inc., Senior Benefit Services of Kansas, Inc.; provided, however, that the Release provided for herein shall not be construed to apply

8

to claims that do not relate in any way to a Company Annuity or a Released Transaction made by any Plaintiffs against such Other Defendants in any lawsuit that was filed directly by Plaintiffs against, and served on, such Other Defendants prior to the Execution Date.

D.    All other capitalized terms used in this Section X shall have the meanings ascribed to them in Section II or elsewhere in this Agreement.

II.  <u>Release And Waiver</u>

A.    In consideration of the promises and covenants of settlement between and among the Parties and as further contained in this Settlement Agreement (including, without limitation, the consideration to the Named Plaintiffs and Class Members, the fairness and adequacy of which is hereby acknowledged), the Named Plaintiffs and all Class Members, on behalf of themselves, their heirs, assigns, executors, administrators, predecessors, and successors, and any other person or entity purporting to claim on their behalf, hereby expressly and generally release and discharge the Releasees from any and all causes of action, claims, allegations of liability, damages, restitution, equitable, legal and administrative relief, interest, demands or rights whatsoever, including, without limitation, for all claims of actual monetary damages, for claims of injunctive or equitable type of relief, and for claims of mental anguish and/or punitive

or exemplary damages, whether such claims are based on federal, state, or local law, statute, ordinance, or regulation (including, without limitation, federal or state insurance laws or regulations, RICO type laws, and securities laws or regulations), contract, common law, or any other source, relating to any Company Annuities and that were or could have been asserted against Defendants in the Complaint or any other complaint encompassed in the Action, or that could have been asserted against Defendants before any court, arbitration panel, or regulatory or administrative agency based on or related to the facts alleged in the Complaint or any other complaint encompassed in the Action, or relating in any way to the Released Transactions, and whether or not brought directly, indirectly, on a representative basis, or otherwise, including, but not limited to, actions brought on behalf of the Named Plaintiffs and/or Class Members by any state or federal government officials or agencies.

B.   Plaintiffs hereby expressly further agree that they shall not now or hereafter institute, maintain, assert, join, or participate in, either directly or indirectly, on their own behalf, on behalf of a class, or on behalf of any other person or entity, any action or proceeding of any kind against the Releasees asserting causes of action, claims, allegations of liability, damages, restitution, injunctive, equitable, legal or

administrative relief, interest, demands or rights, including, without limitation, claims for actual monetary damages, claims of injunctive or other equitable type of relief, and claims for mental anguish and/or punitive or exemplary damages, whether based on federal, state or local law, statute, ordinance, or regulation (including, without limitation, federal or state insurance laws or regulations, RICO type laws, and securities laws or regulations), contract, common law, or any other source, that are based on or related to the facts alleged in the Complaint or any other complaint filed in the Action, or that relate in any way to the Released Transactions, and that were or could have been asserted against Defendants in the Complaint or any other complaint encompassed in the Action, or that could have been asserted against Defendants in an amended complaint in the Action or before any court, arbitration panel, or regulatory or administrative agency, or in any other complaint or claim. Nothing in this Order shall be construed to impede, impinge, impair or prevent in any fashion any Named Plaintiff and/or Class Member from responding to, cooperating in or communicating with any state, federal or local government body or official or any attorney representing a private party, including, without limitation, appearance as a witness for testimony or the production of information.

C.    Nothing in this Release shall be deemed to alter the

contractual rights and benefits of a Named Plaintiff or any other a Class Member for the express written benefits that are due or will become due in the future pursuant to the express written terms of a Contract, except to the extent that such rights are altered or affected by the award, election, and/or implementation of Settlement Relief under this Agreement.

D.    In connection with this Release, Plaintiffs acknowledge that they are aware that they may hereafter discover claims or damage presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the Released Transactions or claims released herein, or with respect to their Contracts. Nevertheless, Plaintiffs understand and agree that this Release is, and is intended to be, a broad, general release of the Releasees, and Plaintiffs agree that this Release fully, finally, and forever shall settle and release all claims and causes of action whatsoever, and all claims relating thereto, and which now exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) that are within the scope of Section X.B.1 and/or 2.

E.    Plaintiffs expressly understand that Section 1542 of the Civil Code of the State of California provides: "a general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing

the release, which if known by him must have materially affected his settlement with the debtor." To the extent that California or other similar federal or state law may apply (because of or notwithstanding the parties' choice of law in this agreement), Plaintiffs hereby agree that the provisions of Section 1542 and all similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived and relinquished by Plaintiffs, and Plaintiffs hereby agree that this is an essential term of the release.

F.    Nothing in this Release shall preclude any action to enforce the terms of this Agreement.

G.    Plaintiffs hereby agree and acknowledge that the provisions of this Release together constitute an essential term of the Agreement.

H.    Plaintiffs expressly agree that this Release shall be, and may be raised as, a complete defense to and will preclude any action or proceeding encompassed by the release of Releasees herein.

I.    It is the intention of the Named Plaintiffs, on behalf of themselves and the Class Members, in executing this Release to fully, finally, and forever settle and release all matters and all claims released under this Section X.

J.    Plaintiffs reserve the right to bring and pursue claims

that persons or entities other than the Releasees are solely liable for damages, losses, costs, or expenses allegedly sustained by Plaintiffs. It is the intention of the Parties, however, that if any such other person or entity is found to be a joint tortfeasor with any Releasees, such other person or entity shall not be obligated or required to pay more than the proportionate share of the adjudicated liability found against such person or entity, and that the Releasees be relieved from liability for contribution and/or indemnity to any such person or entity. Therefore, as further consideration for the Settlement Relief to be provided by Defendants pursuant to this Agreement, it is hereby agreed that in the event it is determined that any such other person or entity and any Releasees are joint tortfeasors with respect to any damages, losses, costs, or expenses so claimed by any Plaintiffs: (a) Plaintiffs shall reduce their total claims against said other joint tortfeasors by the full extent of the proportionate share of liability of the Releasees as adjudicated under a final, non-appealable verdict or judgment of a court of competent jurisdiction, and (b) any recovery awarded or verdict and/or judgment entered against said other joint tortfeasors shall be reduced by the full extent of the proportionate share of the Releasees' liability to the extent adjudicated as aforesaid. It is further agreed as consideration for the Settlement Relief to be provided by Defendants pursuant

to this Agreement that in any action in which any of the Releasees may be made a defendant or third-party defendant together with any other alleged tortfeasors, any verdict rendered against the other alleged tortfeasors shall be reduced by the proportionate share of the Releasees, and any judgment on said verdict shall be in the amount of the verdict reduced by the proportionate share of the Releasees, whether or not any of the Releasees was in fact a joint tortfeasor. The immediately preceding sentence is intended to obviate the necessity and expense of any of the Releasees having to appear on the record and participate at its or their expense in an action merely for the purpose of determining if in fact it was a tortfeasor so as to entitle the other tortfeasors to a <u>pro rata</u> reduction of any verdict. To give full force and effect to the foregoing provisions of this paragraph, Plaintiffs specifically agree to seek to structure any recovery which may be awarded, or any verdict and/or judgment which may be entered, in any matter to ensure that the Releasees shall never be obligated to pay to any Plaintiffs or to any other tortfeasors anything other than the Settlement Relief afforded pursuant to this Agreement in connection with any claim or liability within the scope of the Release herein.

13. Paragraph 12 of this Order covers, without limitation, any and all claims for attorneys' fees and expenses,

costs or disbursements incurred by Class Counsel or other plaintiffs' counsel representing Plaintiffs or Class Members in this action, in connection with or related in any manner to this action, the settlement of this action, the administration of such settlement, and/or the Released Transactions, except to the extent otherwise specified in this Order and/or the Settlement Stipulation.

14. <u>Permanent Injunction</u>: Except to the extent a Class Member has been excluded by this Order from the Class (or is entitled to seek and/or receive relief pursuant to the settlement agreement encompassed in the Consent Order for Final Judgment, effective October 22, 2008, by and among the State of Minnesota, by and through its Attorney General, Lori Swanson, Aviva USA Corporation (f/k/a AmerUs Group Co.), American Investors Life Insurance Company, Inc., and Aviva Life and Annuity Company (f/k/a AmerUs Life Insurance Company)), all Class Members are hereby permanently barred and enjoined from (1) filing, commencing, prosecuting, maintaining, intervening in, participating in as class members or otherwise, or receiving any benefits from, any lawsuit (including putative class action lawsuits), arbitration, administrative or regulatory proceeding or order in any jurisdiction, based on or relating to the Released Transactions or the claims or causes of action, or the facts and circumstances relating thereto, alleged in the

Complaint or any other complaint encompassed in the Action; and
(2) organizing any Class Members into a separate class for
purposes of pursuing as a putative class action any lawsuit,
arbitration, or other legal proceeding or action (including by
seeking to amend a pending complaint to include class
allegations, or seeking class certification in a pending action)
based on or relating to the Released Transactions or the claims
or causes of action, or the facts and circumstances relating
thereto, alleged in the Complaint or any other complaint
encompassed in the Action.  The Court finds that issuance of this
permanent injunction is necessary and appropriate in aid of the
Court's jurisdiction over the action and to protect and
effectuate this Final Order and Judgment.  Nothing in this Order
shall be construed to impede, impinge, impair or prevent in any
fashion any Named Plaintiff and/or Class Member from responding
to, cooperating in or communicating with any state, federal or
local government body or official or any attorney representing a
private party, including, without limitation, appearance as a
witness for testimony or the production of information.

15.  Enforcement of Settlement: Nothing in this Final
Order and Judgment shall preclude any action to enforce the terms
of the Settlement Stipulation; nor shall anything in this Final
Order and Judgment preclude the Plaintiffs or other Class Members
from participating in the Claim Review Process described in the

Settlement Stipulation, if they are entitled to do so under the terms of the Settlement Stipulation.

16. <u>Attorneys' Fees and Expenses</u>: Counsel for Plaintiffs and the Class of record herein are hereby awarded attorneys' fees in the amount of $17,699,840.50 and reimbursement of their disbursements and expenses in the amount of $550,159.50 to be paid by Defendants to Class Counsel. This amount, totaling $18,250,000, plus interest from date Escrow Account was funded, covers any and all claims for attorneys' fees and expenses incurred by any and all counsel for plaintiffs and the class in connection with the settlement of this action and the administration of such settlement. Such fees, expenses and any interest thereon are to be deposited by the Defendants into an account maintained by Co-Lead Counsel within five business days after entry of this Final Order and Judgment, in accordance with and subject to the terms and conditions set forth in Section XI of the Settlement Stipulation. The above amounts shall be paid to Co-Lead Counsel, pursuant to the terms of the Stipulation of Settlement. The award of attorneys' fees and expenses shall be allocated among plaintiffs' counsel in a fashion which, in the opinion and sole discretion of Co-Lead Counsel, fairly compensates plaintiffs' counsel for their respective contributions in the prosecution of the Action.

17. <u>Other Payments</u>: The Court awards additional

payments to the Named Plaintiffs in a total sum of $115,000. The specific awards to the individual Named Plaintiffs are as follows:

- Beryl Price: $10,500

- Charlotte Price: $10,500

- Estate of Joseph Healy: $10,500

- George Miller: $10,500

- Richard Stein: $10,500

- Dena Stein: $10,500

- Mary Lynch: $10,500

- Dorothy Eddy: $10,500

- Evelyn Edwards: $10,500

- Jean Ryles: $10,500

- Michael J. Quinn: $5,000

- Catherine M. Quinn: $5,000

To the extent that any Named Plaintiff is deceased, the parties shall cooperate to ensure that any sums awarded to that Named Plaintiff are distributed to his or her heirs. All sums to be distributed to any Named Plaintiff or to his or her heirs shall be paid by the Defendants within five business days after the Final Settlement Date, subject to the terms and conditions set forth in Section XI of the Settlement Stipulation.

18. <u>Modification of Settlement Stipulation</u>: The parties are hereby authorized, without needing further approval

from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Stipulation as are not materially inconsistent with this Order and do not unreasonably limit the rights of the Class Members under the Settlement Stipulation.

19.  Retention of Jurisdiction: The Court has jurisdiction to enter this Final Order and Judgment.  Without in any way affecting the finality of this Final Order and Judgment, the Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Stipulation and of this Final Order and Judgment, and for any other necessary purpose, including, without limitation:

a.  Enforcing the terms and conditions of the Settlement Stipulation and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Stipulation, this Final Order and Judgment (including, without limitation, determining whether a person or entity is or is not a Class Member, and enforcing the Permanent Injunction that is a part of this Final Order and Judgment) and determining whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment;

b.  Entering such additional orders as may be

20

necessary or appropriate to protect or effectuate this Final
Order and Judgment, or to ensure the fair and orderly
administration of the Settlement; and

c.    Entering any other necessary or appropriate
orders to protect and effectuate the Court's retention of
continuing jurisdiction; <u>provided however</u>, nothing in this
paragraph is intended to restrict the ability of the parties to
exercise their rights under the Settlement Stipulation
that are not in conflict with this Final Order and Judgment.

20.  <u>No Admissions</u>: Neither this Final Order and
Judgment, nor the Settlement Stipulation, nor any other document
referred to herein or therein, nor any action taken to carry out
this Final Order and Judgment is, may be construed as, or may be
used as an admission or concession by or against Defendants of
the validity of any claim or any actual or potential fault,
wrongdoing or liability whatsoever. Entering into or carrying out
the Settlement Stipulation, and any negotiations or proceedings
relating to it, shall not in any event be construed as, or deemed
evidence of, an admission or concession as to Defendants' denials
or defenses, and shall not be offered or received in evidence in
any action or proceeding against any party hereto in any court,
administrative agency or other tribunal for any purpose
whatsoever, except as evidence of the Settlement or to enforce
the provisions of this Final Order and Judgment and the

Settlement Stipulation; <u>provided however</u>, this Final Order and Judgment and the Settlement Stipulation may be filed in any action against or by Defendants or Releasees (as defined in the Settlement Stipulation) to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

21. <u>Dismissal of Action</u>: All of the putative class actions encompassed in this proceeding (including the Complaint and the complaints listed in Section I.A.2 of the Settlement Stipulation), and all claims asserted therein or otherwise presented thereby, are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in the Settlement Stipulation or this Final Order and Judgment.

BY THE COURT:


<u>/s/ Mary A. McLaughlin</u>
MARY A. MCLAUGHLIN, J.