UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re AMERICAN INVESTORS LIFE INSURANCE COMPANY ANNUITY MARKETING AND SALES PRACTICES LITIGATION )<br>)<br>)<br>)<br>) | MDL Docket No. 1712 |
| This Response Relates to: )<br>) | |
| Stein, et al. v. Amerus Group Company, et al. )<br>) | |

OBJECTOR MICHAEL'S RESPONSE TO
PLAINTIFFS' MOTION TO ENFORCE THIS COURT'S FINAL ORDER
APPROVING THE SETTLEMENT AND FOR RELATED RELIEF
_____

**INTRODUCTION**

The Settlement of this action affects the legal rights of Martha Michael. Ms. Michael legally and appropriately exercised her right to object to the terms and conditions of the Settlement she believed were unfair and unreasonable. She timely served both her "Objections " and a "Response to Plaintiffs' Motion for Final Approval". The Court considered Ms. Michael's objections at the Fairness Hearing and afterward in its Final Order Approving Settlement. The Court overruled the Objections and approved the Settlement. Subsequently, Ms. Michael legally and appropriately filed a Notice of Appeal within the time allotted and the manner prescribed by the Federal Rules.

In response to Ms. Michael's Notice of Appeal, Class Counsel filed the "Motion to Enforce the Court's Final Order Approving the Settlement and for Related Relief" to which

Objector Michael now responds. Class Counsel's motion and accompanying memorandum is a submission with the singular goal of squelching Ms. Michael's appeal. That it is nothing more is exemplified by the relief sought:

**To require Ms. Michael to post a supersedeas bond in the amount of $569,618,666.70.**

The cost of such a bond is obviously beyond reach for Ms. Michael and the notion that an Objector to a class action settlement would be responsible (under any circumstances) for satisfying the full amount of the Settling Defendant's payment under the settlement is a novel concept belonging only to Class Counsel in this case. There is, in fact, no legal basis to grant the relief Class Counsel seeks and the arguments offered in support of doing so ignore well-established law of this Circuit. The instant motion is spurious at best and its denial is appropriate.

**ARGUMENT**

**I.     Objector Michael's Notice of Appeal is valid.**

Objector Michael's Notice of Appeal was appropriately filed and served pursuant to the Federal Rules of Appellate Procedure 3 and 4. The Court's Final Order Approving Settlement was entered on December 18, 2009. Objector Michael's Notice of Appeal was filed and served within 30 days, on January 18, 2010, as required by Fed. R. App. P. 4. A motion to stay execution of a judgment (or implementation of a settlement) is not required by the Federal Rules of Appellate Procedure to make a Notice of Appeal valid. See Fed. R. App. P. 3 and 4.

**II.     Federal Rule of Civil Procedure 62(d) allows, but does not require, the filing of a motion to stay or the posting of a supersedeas bond.**

Class Counsel argues Fed. R. Civ. P. 62(d), requires Objector Michael to seek a stay and to post a supersedeas bond before her appeal goes forward. Rule 62(d) provides :

> **(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant **may** obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond **may** be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

*Id.* (emphasis added). Thus, Rule 62(d) provides an appellant the opportunity, but not the obligation to stay execution of a judgment entered against him while he appeals the judgment. While approval and posting a supersedeas bond will entitle the appellant to a stay of the execution of the judgment, failure to post a supersedeas bond does not affect a party's right to appeal. *See, e.g*. *Porco v. Trustees of Indiana University,* 453 F. 3d 390, 394 (7th Cir. 2006)(failure to obtain stay under Rule 62(d) does not ordinarily moot appeal); *In re American President Lines, Inc.* 779 F. 2d 714, 718 (D.C. Cir. 1985)(per curiam)(failure to post bond leaves appellant vulnerable to enforcement of judgment, but does not forfeit right of appeal).

**III.    A supersedeas bond is not an appropriate bond in this situation.**

Class Counsel moves the Court pursuant to Fed. R. Civ. P. 62(d) for an Order enforcing the provisions of the Court's Final Order Approving Settlement. According to Class Counsel, Rule 62(d) and the Final Order together require the posting of a supersedeas bond before Ms. Michael's appeal can go forward. As stated above, Rule 62(d) provides that an appellant *may* post a supersedeas bond approved by the court in order to obtain a stay of an execution of a

3

judgment. Fed.R.Civ.P. 62(d). The Court's Order of December 18, 2009, paragraph 10, states as follows:

> <u>Appeal</u>: Any appeal from this Final Order and Judgment must be preceded by (i) a timely objection to the Settlement filed in accordance with the requirements of the Settlement Stipulation and Preliminary Approval Order or a request to intervene upon a representation of inadequacy of counsel, (ii) a request for a stay of implementation of the settlement, and (iii) posting of an appropriate bond. Absent satisfaction of all three of these requirements, Defendants are authorized, at their sole option and in their sole discretion, to proceed with implementation of the Settlement, even if such implementation would moot any appeal.

*Id*.

While Rule 62(d) addresses the posting of supersedeas bonds, the Court's Order does not reference the Rule, nor does it define "an appropriate bond" as a supersedeas bond.

Nonetheless, by Class Counsel's logic, the operation of Fed. R. Civ. P. 62(d) and the Court's Final Order Approving Settlement should require Objector Michael to post a supersedeas bond in the amount of $569,618,666.70 in order to legally pursue her appeal. Of course, to obtain a supersedeas bond in the amount of $569,618,666.70, Ms. Michael (who Class Counsel knows has most of her life savings contained in an American Investors Annuity valued at approximately $20,000) would be required to demonstrate the impossible: that she could satisfy a judgment in an amount over 500 million dollars. Of course, it is Defendant American Investors who has agreed to satisfy the judgment of the Court's Final Order, not Ms. Michael. The absurdity of Class Counsel's proposition is obvious and, in making it, Class Counsel demonstrates the only possible motive for the motion: to squelch Ms. Michael's appeal.

4

The logic and motive of Class Counsel's motion is also called into question when one considers the relief sought in light of a closer examination of the terms of the Court's Final Order Approving Settlement (¶10), *supra*. The Final Order allows the implementation of the Settlement to proceed in the absence of a motion to stay, yet Class Counsel urges for the filing of a motion to stay (i.e. "…Defendants are authorized, at their sole option and in their sole discretion, **to proceed with implementation of the Settlement**, even if such implementation would moot any appeal."). Nonetheless, Class Counsel criticizes Objector Michael by saying "[t]he objections thus pressed is [sic] the sole remaining obstacle to relief for over 387,000 class members…" Class Counsel's Memorandum, p. 1. Without a motion to stay before the Court (as sought by Class Counsel), Defendant American Investors is free, in its discretion, to implement the Settlement fully and at anytime. Apparently, through consultation with Class Counsel (*Id.*), the Defendant is electing not to do so. In the meantime, Class counsel pursues the instant motion in an attempt to thwart Ms. Michael's appeal with imposition of an impossible supersedeas bond .

Determination of what constitutes "an appropriate bond" should be guided by precedent rather than Class Counsel's improper motive. Although not cited by Class Counsel, the case of *In re Diet Drugs Products Liability Litigation,* 2000 WL 1665134 (E.D.Pa.,2000) is instructive. There, Judge Bechtle gave careful consideration to the issue, as well as arguments similar to Class Counsel's here, when he rejected a request to impose bonds in the amount of $5,000,000 on objectors to a class settlement*.* In the *In re Diet Drugs* case, class counsel asserted that the objectors' appeals "…were meritless and solely an attempt to leverage settlements in separate cases". *Id.* at 1. In support of their argument, the *In Re Diet Drugs* class

5

counsel also stated that the objectors either did not participate at all in the Fairness Hearing, or participated only marginally. *Id.* Also, like Class Counsel in the instant action, the *In re Diet Drugs* class counsel argued that the objectors' appeals would cause the class to suffer significant and possibly irreparable harm resulting from delay in providing certain of the benefits more timely to the class if a bond was not issued. *Id.* Accordingly, class counsel moved for imposition of a bond in the amount of $5,000,000.00 to cover: (1) costs on appeal; (2) attorney's fees on appeal; and (3) damages resulting from the delay and/or disruption of Settlement administration caused by the appeal.

Rejecting the *In re Diet Drugs* class counsel's request to impose a $5,000,000, Judge Bechtle recognized that

> [a] district court may not impose bond in an amount beyond what is necessary to ensure adequate security if to do so would effectively preclude pursuit of an appeal. *See Lindsey v. Normet,* 405 U.S. 56, 77-79, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972) (holding statute conditioning appeal on posting of double bond unconstitutional under Fourteenth Amendment equal protection clause). **Nor may a bond be imposed for the purpose of discouraging exercise of the right to appeal**. *See Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341 (7th Cir.1974) (stating that "any attempt by a court at preventing an appeal is unwarranted and cannot be tolerated").

*In re Diet Drugs Products Liability Litigation* 2000 WL 1665134, 5 (E.D.Pa.,2000). (emphasis added).

Judge Bechtle also considered the difference between a supersedeas bond and a cost bond (or "appeal bond"):

> A supersedeas bond is defined as a "bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." Black's Law Dictionary 738 (6$^{th}$ed.1990). Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay of judgment by

6

giving a supersedeas bond. Fed.R.Civ.P. 62(d). A party must move in the district court for approval of a supersedeas bond. Fed. R.App. P. 8(a)(1)(B).

As noted by the Court of Appeals for the Second Circuit in *Adsani v. Miller,* "cost bonds and supersedeas bonds 'should not be confused.' " *Adsani,* 139 F.3d 67, 70 n. 2 (2d Cir.1998) (quoting Wright, Miller and Cooper, 16A Federal Practice & Procedure: Jurisdiction 2d § 3953 at 278 (1996)). As the *Adsani* court explained, a supersedeas bond is retrospective and covers sums related to the merits of the underlying judgment and a stay of its execution, whereas a cost bond is prospective and relates to the potential expenses of litigating the appeal. *Id.* (citation omitted).

*In re Diet Drugs Products Liability Litigation* 2000 WL 1665134, 2 (E.D.Pa.,2000).

Judge Bechtle also recognized that "…the district court has no power to impose a supersedeas bond in the absence of a stay" while "…under Federal Rule of Appellate Procedure 7, the district court may require an appellant to file a bond or provide other security in any amount necessary to ensure payment of costs on appeal." *Id* at 2 and 3, Citing Fed. R.App. P. 7.

In the end, Judge Bechtle rejected the *In re Diet Drugs* class counsel's request to impose a $5,000,000 bond finding the amount "excessive" and to do so would **"effectively squelch the right to appeal."** Id. at 6 (emphasis added). Instead, he ordered the objectors to post a $25,000 bond pursuant to Fed. R.App. P. 7.

Class Counsel also failed to acknowledge the holding of *O'Keefe v. Mercedes-Benz USA, LLC* 2003 WL 22097451,1 (E.D.Pa.,2003). There, Judge Vanantwerpen, considered class counsel's request to impose an appeal bond and a supersedeas bond. Adopting Judge Bechtle's reasoning from *In re Diet Drugs*, the request for a supersedeas bond was denied in its entirety. The amount of the appeal bond sought totaled $268,467. Because that amount included attorney fees, and because attorney fees are not "costs" as contemplated by Fed. R. App. P. 7, the court ordered instead that the objectors/appellants to post a $13,467 appeal bond.*Id.See*

7

also *In re Ins. Brokerage Antitrust Litigation* 2007 WL 1963063, 5 (D.N.J.,2007)(citing to *In re Diet Drugs* when finding $25,000 appeal bond reasonable when objector appeals order approving class settlement).

As both Judge Bechtle and Judge Vanantwerpen recognized, a supersedeas bond is not an appropriate bond to impose when an Objector appeals a final order approving a class action settlement. For the same reasons found in *In re Diet Drugs* and *O'Keefe*, the Court should deny Class Counsel's request for imposition of a supersedeas bond.[1]

### IV. Objector Michael's Objection was timely and was filed in accordance with the requirements of the Settlement Stipulation and Preliminary Approval Order.

The spurious nature of Class Counsel's motion is also apparent in its argument that Objector Michael breached the requirements of the Court's Final Order because her Objection "…was not filed with the Clerk of the Court, and it does not appear on the docket." In the spurious attempt to manufacture a basis for its motion, Class counsel ignores that the primary reason the Objection does not appear on the Court's docket is because Objector Michael submitted the Clerk's copy of her objection to American Investors Annuity Class Action Information Center- as directed **by Class Counsel** in the "Notice of Class Action."[2] Even more

---

[1] While Objector Michael respectfully requests that Class Counsel's Motion be denied in its entirety and that no bond be imposed (noting that Class Counsel seeks only a supersedeas bond and has not requested a cost bond), if the Court finds it appropriate to impose a cost bond, Objector Michael respectfully requests that the bond be set at a reasonable amount reflecting anticipated costs of appeal consistent with the holdings of *In re Diet Drugs* and *O'Keefe* .

[2] The Class notice stated:

> If you are a Class Member, you can object to the settlement if you don't like any part of it. The Court will consider your views in connection with the Fairness Hearing described below. To object, you must submit your objection in writing, stating that you object to the proposed settlement of In re American Investors

8

remarkable is Class Counsel's failure to realize that the Court addressed the filing of objections in its Preliminary Approval Order **and ordered Class Counsel to be responsible for filing the objections**:

> The Settlement Administrator will immediately provide complete copies of any such objections it receives to Parties' Counsel. **<u>Parties' Counsel will ensure that copies of all objections are filed with the Clerk</u>** prior to the Fairness hearing, so that the Court may appropriately consider them.

Id. at pp. 18-19, (emphasis added).

Therefore, if there was a failure to file Ms. Michael's Objection, it was Class Counsel's failure, not Ms. Michael's. Class Counsel's spurious request to impose a supersedeas bond in excess of five hundred million dollars on this basis is clearly due to be denied.

---

Life Insurance Co. Annuity Marketing and Sales Practices litigation. Your written objection must include your name, address, telephone number, policy number(s), and signature, the reasons you object to the settlement, and any documents that you wish to support your position. Your written objection must be submitted by U.S. mail to each of the following places, postmarked no later than October 13, 2009:

| CLERK OF THE COURT c/o SETTLEMENT ADMINISTRATOR | DEFENSE COUNSEL |
|---|---|
| Office of the Clerk of the Court c/o American Investors Annuity Class Action Information Center P.O. Box 2226 Faribault, MN 55021-1726 | James F. Jorden, Esq. Jason H. Gould, Esq. Jorden Burt LLP 1025 Thomas Jefferson Street, N.W. ,Ste 400 East Washington, DC 20007-5208 |
| CLASS COUNSEL ||
| Marcus & Auerbach LLC P.O. Box 96 Wyncote, PA 19095 | John R. Hargrove Hargrove Pierson & Brown 21 Southeast 5th Street, Suite 200 Boca Raton, FL 33432 |

**V.  A motion to stay implementation of the settlement is unnecessary and should not be required under the circumstances.**

As stated above, the Federal Rules do not require the filing of a motion to stay to validate an appeal. And, while posting a supersedeas bond would entitle an appellant to a stay of execution of a judgment pursuant to Fed. R. Civ. P. 62(d), the right to appeal is not affected in either event.

Objector Michael acknowledges that the Court's Final Order Approving Settlement included a provision calling for the filing of a Motion to Stay as a prerequisite to an appeal. However, Counsel for Ms. Michael respectfully submits that no applicable Rule or precedent has been found to support the proposition that a district court can require the filing of a motion to stay under these circumstances.

Objector Michael also respectfully submits that the filing of a motion to stay is unnecessary because Class Counsel and the Defendants have, through their negotiations, agreed to stay implementation of the settlement after any Notice of Appeal is "judicially determined as being a valid Notice of Appeal," [3] or to allow implementation of the Settlement to Proceed at the Defendant's discretion.

---

[3] See Stipulation of Settlement, Section XIV(B), p. 104:
> The Parties may agree to implement the terms of the Settlement prior to the Final Settlement Date in accordance with the terms, conditions, dates, and time periods specified in this Agreement; provided however, that (1) the Claim Review Process and all related procedures and matters shall be suspended upon the filing of a Notice of Appeal of the Final Order and Judgment that meets the requirements of the Final Order and Judgment or is otherwise judicially determined as being a valid Notice of Appeal; and (2) Defendants shall in no event have any obligation to pay, credit, implement, or otherwise effect any Settlement Relief prior to the Final Settlement Date.

10

### VI. The merits of Objector Michael's objection are now for the Court of Appeals to decide.

Class Counsel's attempt to squelch Objector Michael's appeal through imposition of a supersedeas bond is accompanied by an attack on the merits of Ms. Michael's objections. The merits of the objections have already been considered and ruled upon by this Court. With the filing of the Notice of Appeal, this Court was divested of jurisdiction over aspects of the case involved in the appeal. *See Georgine v. AmChem Products, Inc.* 1995 WL 561297, 7 (E.D.Pa.) (E.D.Pa.,1995)("…the timely filing of a notice of appeal immediately confers jurisdiction on a Court of Appeals and divests a district court of its control over those aspects of the case involved in the appeal."); citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982); *Venen v. Sweet,* 758 F.2d 117, 120 (3d Cir.1985); *H. Brad Kerr v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* Civ. A. No. 87-3223, 1987 WL 14515, at *2 n. 1 (E.D.Pa. July 24, 1987)).

To the extent the Court is inclined to consider Class Counsel's arguments going to the merits of Ms. Michael's objections, Ms. Michael respectfully requests an opportunity to submit additional briefing in support of her objection. Specifically, with regard to Ms. Michael's objection that the settlement is unfair because it releases independent agents, if the Court is reconsidering the objection, the Court should also consider recent developments illustrating the Defendant American Investors Life Insurance Company's position in the context of claims made against its agents.

Ms. Michael objected to the breadth of the release, because all independent agents were released from any and all claims against them arising from transactions involving the

11

Defendant's annuities. This Honorable Court noted in its Memorandum accompanying the Final Order Approving Settlement that

> ... the release of agents is a necessary component of the settlement agreement in order to provide finality. Otherwise, dissatisfied policyholders could sue the defendants' agents who would then, in turn, look to the defendants for indemnity or contribution.

Court's Memorandum, p. 37.

Objector Michael respectfully submits that a release of the agents in this action is not necessary for the defendants to achieve finality because the Defendants believe they have, without the benefit of this Settlement, eliminated their vicarious liability for agents' wrongdoing.

In the recent weeks since entry of the Court's Final Order, Defendant American Investors has moved for summary judgment in an individual case involving claims against the company arising in part from improper sales practices committed by one of its agents. In its supporting memorandum, Defendant American Investors argues that "[the agent] is an independent broker of insurance and AIL cannot be held liable for [the agent's] conduct outside the scope of his authority."[4] In support of its argument, Defendant points to the terms of its standard "Broker Agreement" to define the scope of an agent's authority. The Agreement states that:

---

[4] See *Paul P. Mayo v. American Investors Life Insurance Co. Inc.; et al.* Circuit Court of Etowah County, Alabama, CV No. 2009-900047, "Defendant American Investors Life Insurance Company's Motion for Summary Judgment and Incorporated Memorandum of Law" pp. 28-33.(attached hereto as "Exhibit A")

> Broker shall not interpret or render opinions in any way on any of the Company's insurance policies, or the Company's practices and procedures under any circumstances.

See "Broker Agreement,"¶5. attached hereto as "Exhibit B." In other words, Defendant American Investors believes an agent works beyond the scope of his authority if he or she interprets or expresses any opinions about the Defendant's annuities he or she is selling. According to the Defendant, engaging in any sales practice that includes advising a client, therefore, effectively puts an agent beyond the scope of his agency and outside the realm of the Defendant's vicarious liability.

Also included in the Broker Agreement is the following provision:

> The Broker shall indemnify and hold the Company harmless from all losses, expenses, costs, damages, and liabilities, including legal expenses resulting from unauthorized acts or transactions by the broker, his appointees or employees.

Id. at ¶6(f). In other words, the Defendant believes its agents have agreed to indemnify the company for any liability arising from an agent's sales practices.  There is no provision requiring the Defendant to indemnify the agent.

Regardless of whether claims against agents are to be released by the Settlement of the instant action, the Defendant clearly believes it has already insulated itself from any claims that may be asserted against one of its agents, and for which an agent might later make a claim for indemnity or contribution (as contemplated by the Court in its Final Order). The necessity of releasing the agents by way of this Settlement to provide finality to the Defendants, therefore,

13

is overstated and the breadth of the release is unnecessarily broad and unfair to the class members as a result. [5]

### VII. Class Counsel perceives conflicts of interests that do not exist.

Class Counsel argues that a conflict of interests exists where an attorney represents both an objector to a class action settlement and clients who have opted-out of the class and are no longer members. The cases cited by class counsel, however, do not support this assertion and, instead, hold that a conflict may exist where class counsel represents both a class representative while also representing class members who have opted out of the class.

The result of Ms. Michael's objection to the Class Settlement will have no conflicting effect on the individual's who opted-out of the settlement because once excluded, the opt-outs have no further interests in the action or the settlement.  Likewise, the prosecution of individual claims by opt-outs will have no effect on the Settlement and the provisions of it that are the subject of Ms. Michael's objection. Therefore, no conflict of interests exists.

### VIII. Objector Michael's objections are not made for improper purposes.

The purpose of Ms. Michael's objection is not to disrupt and delay, but rather to legally and appropriately maintain her objections for which she has a reasonable basis and that have been brought in good faith.

---

[5] Class Counsel goes to great lengths to argue that the case of *Garst v. The Franklin Life Insurance Company*, 1999 U.S. Dist. LEXIS 22666 (N.D. Ala. 1999) renders Ms. Michael's objection "frivolous". While in *Garst*, agents were released, there was no objection lodged to the release of agents and the issue was not addressed by the court.

**CONCLUSION**

There is no legal basis for Class Counsel's request for imposition of a supersedeas bond in the amount of $569,618,666.70, and the Motion to Enforce This Court's Final Order Approving Settlement and For Related Relief should be denied in its entirety.

Date:   February 3, 2010.

        Respectfully submitted,

        __s/   Michael Yancey__
        P. Michael Yancey, Esq.
        **McCallum, Methvin & Terrell, P.C.**
        2201 Arlington Avenue South
        Birmingham, AL  35205
        Telephone:    (205) 939-0199
        Facsimile:    (205) 939-0399
        E-mail:        myancey@mmlaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of February, 2010, a true and correct copy of the foregoing Response to Plaintiffs' Motion to Enforce this Court's Final Order Approving the Settlement and for Related Relief was electronically filed and served by ECF on all counsel listed on the MDL 1712 Master Service List.

                                         s/ Michael Yancey
                                         P. Michael Yancey