IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
IN RE: AMERICAN INVESTORS        :
LIFE INSURANCE CO. ANNUITY       :   MDL DOCKET NO. 1712
MARKETING AND SALES PRACTICES    :
LITIGATION                       :
                                 :
Relates to:                      :
                                 :
PRICE, et al. v. AMERUS GROUP    :
CO., et al. CIVIL ACTION         :
NO. 04-3329                      :
                                 :
MILLER v. AMERUS GROUP CO.,      :
et al. CIVIL ACTION              :
NO. 04-3799                      :
```

MEMORANDUM

McLaughlin, J.                                        April 7, 2010

On January 20, 2010, after the Court certified a class, approved a settlement, and dismissed the six individual putative class action suits that were consolidated into the settling action, the plaintiffs moved for modification of and relief from judgment, seeking to modify the Court's dismissal order. Specifically, the plaintiffs request that the Court modify its order to dismiss with prejudice all claims in the six individual putative class action lawsuits except those against Barry O. Bohmueller in the Price action and Brett Weinstein in the Miller action. For the reasons stated below, the Court will deny the plaintiffs' motion.

I.   Background

   A.   Procedural History

   Beryl Price, Charlotte Price, and Joseph Healy brought a putative class action suit against AmerUs Group Company, AmerUs Annuity Group Company, American Investors Life Insurance Company, Barry O. Bohmueller, Brian J. Newmark, Estate Planning Advisors Corporation, BEN Consulting Company, Funding & Financial Services, Victoria Larson, and Kenneth Krygowski on July 15, 2004, Civil Action Number 04-3329.  They filed in federal court in the Eastern District of Pennsylvania based on federal question and supplemental jurisdiction; Defendant Bohmueller, among others, defeated diversity jurisdiction.

   George Miller brought a putative class action suit against AmerUs Group Company, AmerUs Annuity Group Company, American Investors Life Insurance Company, National Western Life Insurance Company, American Equity Investors Life Insurance Company, Brian J. Newmark, Estate Planning Advisors Corporation, BEN Consulting Company, Funding & Financial Services, Patriot Group, Addison Group, Brett Weinstein, Victoria Larson, and Stephen Strope on August 11, 2004, Civil Action Number 04-3799.  He, too, filed in federal court in the Eastern District of Pennsylvania based on federal question and supplemental jurisdiction; Defendant Weinstein, among others, defeated diversity jurisdiction.

2

The Judicial Panel on Multidistrict Litigation transferred the Price and Miller actions, along with several other actions, to the Court on October 26, 2005. The Court consolidated for pretrial purposes all of the transferred, related actions on November 14, 2005.

On June 2, 2006, the Court issued a memorandum and order with respect to the Price and Miller actions, granting in part the defendants' motions to dismiss. The Court dismissed the plaintiffs' federal RICO claim, which was the basis for the Court's jurisdiction over the complaints, and it declined to exercise supplemental jurisdiction over the plaintiffs' state law claims. It also dismissed all claims against certain defendants, not including Bohmueller in Price and Weinstein in Miller. It allowed the plaintiffs to amend their complaints.

On August 9, 2006, a Consolidated Amended Class Action Complaint ("CACAC") was filed on the MDL docket, Number 05-1712. The plaintiffs in the Price and Miller actions were named plaintiffs in the CACAC. The CACAC does not name Bohmueller and Weinstein as defendants. It does, however, list them as "non-defendants" who were allegedly part of a tripod that conspired to sell unsuitable long-term deferred annuities to the plaintiffs and the class members. Specifically, Bohmueller and Weinstein were part of the non-defendant "attorney group."

On October 9, 2006, the CACAC plaintiffs moved to stay

3

all class action complaints other than the consolidated class action complaint.  On November 8, 2006, and as clarified on November 22, 2006, the Court denied the motion to the extent that it concerned two related actions, the Newcomer and Studley actions.  The Court explained that "named plaintiffs in the stayed class actions who are not named plaintiffs in the consolidated amended class action complaint shall not be subject to discovery, and pre-trial motions shall not be filed against them so long as the stay remains in effect."

On March 1, 2007, the plaintiffs filed a second amended consolidated complaint.  Again, the Price and Miller plaintiffs were named as named plaintiffs.  Bohmueller and Weinstein were non-defendants identified as part of the "attorney group" that allegedly conspired against the plaintiffs.

On July 16, 2009, the plaintiffs filed their third amended consolidated complaint with their motion for certification of a class, final approval of a settlement, and an award of attorneys' fees, costs, and incentive payments to the named plaintiffs.  Once again, the Price and Miller plaintiffs were named as named plaintiffs.  Bohmueller and Weinstein were non-defendants identified as part of the "attorney group" that allegedly conspired against the plaintiffs.

The settlement stipulation named the Price and Miller actions as among the six putative class action lawsuits

4

consolidated into the action to be settled. Specifically, the settlement stipulation stated: "The Action that is the subject of this Settlement involves the following consolidated putative class action lawsuits." It then listed the Price and Miller actions. Settlement Stip. § I.A.2, Ex. 1 to Pls.' M. for Settlement Approval.

On December 18, 2009, in a memorandum and order, the Court certified the class and approved the settlement. The order included a release and waiver for the "defendants" and "other defendants." It defined "other defendants" as "the following persons and entities that are named as defendants in the complaints filed in the putative class actions but are not named as defendants in the Complaint." The order then provided a list of people and entities named as defendants in the putative class actions. This list did not include Bohmueller and Weinstein. Final Order §§ 12.I.C.

On December 23, 2009, pursuant to the final order and judgment certifying the class and approving the settlement, the Court dismissed with prejudice the six putative class action suits and ordered that they be marked as closed.

B. The Plaintiffs' Motion for Relief from Judgment

The plaintiffs move under Federal Rule of Civil Procedure 60(b)(6) for modification of and relief from judgment from the Court's December 23, 2009 order that dismissed with

5

prejudice the Price and Miller actions. They argue that the Court's December 18 order released the "defendants" and "other defendants," but did not release Bohmueller and Weinstein, and they seek to preserve their claims against these individuals. The plaintiffs ask the Court to exercise its discretion under Rule 60(b) to modify its dismissal order because the parties never intended to release Bohmueller and Weinstein.

The defendants responded to the plaintiffs' motion. They take issue with the plaintiffs' assertion that the parties agreed to not release Bohmueller and Weinstein, and they explain that they were not advised of or consulted with regarding the plaintiffs' motion. They also do not agree with the plaintiffs' characterization of the release to the extent that the conduct of Bohmueller and Weinstein, if engaged in by others, would not be released.[1]

Bohmueller and Weinstein oppose the motion. They argue that the claims against them were terminated upon the filing of the CACAC that did not name them as defendants. They do not address Rule 60(b) to argue that the Court should not use its discretion to modify the judgment, were the Court to find that the claims against them remained.

---

[1] The plaintiffs responded to the defendants' response. They clarify that they only seek modification related to the release of Bohmueller and Weinstein and no other persons or entities.

6

The plaintiffs argue in their reply that they have live claims against Bohmueller and Weinstein. First, the Court's June 2, 2006 order did not dismiss the Price and Miller actions in the entirety. Instead, it only granted in part the defendants' motions to dismiss by dismissing the RICO count and not ruling on the state law claims. Second, the Court stayed the Miller and Price actions, along with all other class actions not including the Newcomer and Studley matters. Third, Federal Rule of Civil Procedure 23(e) specifies that a dismissal that binds the class may occur only with notice and court approval. The plaintiffs argue that they had no notice that the claims against Bohmueller and Weinstein would be dismissed.

II. Analysis

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

The determination to grant or deny relief is within the sound discretion of the Court. Lasky v. Cont'l Prods. Corp., 804 F.2d 250, 256 (3d Cir. 1986). Rule 60(b)(6) "is available only

7

in cases evidencing extraordinary circumstances." Id.; Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975) (reversing court's grant of 60(b) motion because record did not demonstrate exceptional circumstances requiring relief from final judgment).

The Court will not exercise its discretion under Rule 60(b)(6) to modify its dismissal order because it appears that the plaintiffs extinguished their claims against Bohmueller and Weinstein upon filing the CACAC and subsequent consolidated amended complaints. To the extent that the claims against Bohmueller and Weinstein were not extinguished, the Court again declines to exercise supplemental jurisdiction over the state law claims, and it finds that this matter does not evidence extraordinary circumstances to merit the plaintiffs' requested relief.

A. Claims Against Bohmueller and Weinstein

The Court will not grant the plaintiffs' motion because there is evidence to suggest that the plaintiffs dropped their claims against Bohmueller and Weinstein, and to the extent that these claims were not dropped, the Court will not exercise supplemental jurisdiction to address any remaining claims. First, the plaintiffs' consolidated amended complaints suggest that the plaintiffs terminated their claims against Bohmueller and Weinstein. Amended complaints supersede original complaints. See Gagliardi v. Verizon Pa., Inc., No. 09-2520, 2009 WL 4897741

8

(3d Cir. 2009); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiffs who drop defendants in subsequent complaints waive their right to bring these defendants back into a matter. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 516 (3d Cir. 2007) ("When a plaintiff's amended complaint leaves out a party previously named in the preceding complaint, . . . equitable principles . . . apply even more strongly because parties that do not appear in amended complaints have a legitimate expectation that they are no longer involved in the litigation.") (emphasis in original).

Here, the consolidated complaints are evidence that the plaintiffs dropped their claims against Bohmueller and Weinstein. Bohmueller and Weinstein were not named defendants in the consolidated complaints, although the plaintiffs from the Price and Miller actions were named plaintiffs. The Court did not order the plaintiffs to drop their claims against Bohmueller and Weinstein, nor did it require them to file a consolidated complaint. In fact, the plaintiffs' decision to exclude Bohmueller and Weinstein appears strategic because the complaints still include allegations about the attorneys' conduct.

Second, were the consolidated amended complaints not to supercede the original complaints, any claims against Bohmueller and Weinstein could not be revived because the Court again declines to exercise supplemental jurisdiction to adjudicate the

state law claims against these individuals.  The Court's June 2 memorandum and order dismissed without prejudice the federal RICO claim against the defendants, declined supplemental jurisdiction over the state law claims, and allowed the plaintiffs to amend their complaints.  The plaintiffs, Bohmueller, and Weinstein are all citizens of Pennsylvania, such that the Court only has supplemental jurisdiction over the state law claims that remain against Bohmueller and Weinstein.  Once again, the Court will not exercise supplemental jurisdiction to hear these claims, which are now six years old.[2]

The plaintiffs assert that the Court stayed the Price and Miller actions, appearing to argue that the Court intended to rule on the state law claims at a later time, even if the plaintiffs never amended their complaints.  The Court, however, did not intend to stay the Price and Miller actions in its November 8 and 22 orders.  These orders intended to stay all class actions other than the Newcomer/Studley cases and other than the cases that joined the CACAC.  The Court also never intended to exercise supplemental jurisdiction over the state law claims in the Price and Miller actions, at least until an amended

---

[2] If the plaintiffs are asking for permission to file an amended complaint against Bohmueller and Weinstein to reallege a federal RICO count, the Court will not grant them permission. The Court granted the plaintiffs permission to file an amended complaint almost four years ago, and it will not allow any amendment at this time.

10

federal claim accompanied the state law claims.

Third, with respect to the plaintiffs' argument that Rule 23(e) requires notice and court approval for a dismissal that binds the class, this argument is inapplicable. The Court dismissed Bohmueller and Weinstein without prejudice by dismissing the RICO count and declining supplemental jurisdiction in its June 2 memorandum and order. The plaintiffs then failed to name Bohmueller and Weinstein in subsequent complaints, effectively dismissing these individuals from the action. Further, the settlement stipulation appears to acknowledge the entire dismissal of the Price and Miller actions when noting that "[t]he Action that is the subject of this Settlement involves the [Price and Miller] putative class action lawsuits."

B.  Discretion

Even if the Court's dismissal of the Price and Miller actions incorrectly dismissed Bohmueller and Weinstein, the Court will not use its discretion to modify the judgment dismissing these cases with prejudice. Only cases evidencing extraordinary circumstances are available for relief under Rule 60(b)(6). Lasky, 804 F.2d at 256. The moving party must show that "absent such relief an 'extreme' and 'unexpected' hardship will result." Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977).

In exercising its discretion, a court should consider: (1) the general desirability that a final judgment should not be

11

lightly disturbed, (2) that Rule 60(b) is not a substitute for an appeal, (3) that Rule 60(b) should be liberally construed for the purpose of doing substantial justice, (4) whether the motion is made within a reasonable time, (5) whether there are any intervening equities that make it inequitable to grant relief, and (6) any other factor that is relevant to the justice of the order under attack. Lasky, 804 F.2d at 256.

Here, considerations weigh against modifying the dismissal order. First, there is a general desirability not to modify the order that dismissed these complex and protracted cases. The Price and Miller actions have consumed this Court for almost six years. The plaintiffs were very active in both their individual and consolidated suits, as was the Court in deciding the litigants' motions. At no time, however, did the plaintiffs raise the issue that the Price and Miller actions could not be dismissed once the Court approved the class settlement. The fact that counsel for the plaintiffs in Price and Miller are the same for that of the consolidated class underscores that the plaintiffs should have raised this issue long before they moved to modify the judgment.

Second, Bohmueller and Weinstein's lack of presence in the consolidated complaints demonstrates an "intervening equity" that makes it inequitable to grant the plaintiffs relief. The Court did not intend to stay the Price and Miller actions, and

both Bohmueller and Weinstein assumed the claims against them from these cases were terminated.  It appears that even the defendants were unaware that the plaintiffs would attempt to pursue claims against Bohmueller and Weinstein.  To make Bohmueller and Weinstein now defend claims raised in 2004 is unfair.

Third, allowing claims against Bohmueller and Weinstein to continue would require the Court to exercise supplemental jurisdiction after it already declined to do so.  It would also require the parties to rebrief Bohmueller and Weinstein's motions to dismiss from 2004, and to continue jurisdiction over the state law claims not at issue in the individuals' motions.[3]

Fourth, although the plaintiffs' motion is not a substitute for an appeal and was made in a reasonable time after the Court's dismissal order, these factors do not outweigh the above-outlined considerations.  The Court is not persuaded that a

---

[3] Bohmueller moved to dismiss only counts 1, 2, and 4 from the Price action.  The Court dismissed count 1, the RICO claim, in its June 2 memorandum and order.  It would need to address Bohmueller's motion to dismiss counts 2 and 4, claims under the Pennsylvania Unfair Trade Practices and Consumer Protection Law and fraudulent misrepresentation, respectively.  Counts 5-8 against Bohmueller were not subject to Bohmueller's motion to dismiss.

Weinstein moved to dismiss counts 1, 2, 4, 7, and 8 from the Miller action.  The Court dismissed count 1, the RICO claim. It would need to address Weinstein's motion to dismiss counts 2, 4, 7, and 8.  Counts 5 and 6 against Weinstein were not subject to Weinstein's motion to dismiss.

13

failure to modify its judgment will give Bohmueller and Weinstein a "free pass" for their alleged wrongful conduct. Both are defendants in related actions, and those cases will proceed.

III. Conclusion

For the reasons herein stated, the plaintiffs' motion for modification of and relief from judgment in the Price and Miller actions is denied. An appropriate order shall issue separately.